## Case No. 5,521.

GOLDSMITH et al. v. GREVE et al.

[Syllabi, 182.]

Circuit Court, D. Minnesota. Dec. Term, 1876.

RES ADJUDICATA.

[In a suit to quiet title brought against one under whose title plaintiff's grantee was evicted, a prior judgment in favor of the evicted grantee, in an action by him upon his covenants of warranty against one of such plaintiffs, in which he relied upon the title under which he was evicted, is conclusive upon plaintiff and the other grantors, who appeared as witnesses for him, as to the validity of the titles relied upon in such suits.]

[This was a suit in equity by E. Sarah Goldsmith and John Nininger against Mary Greve, Herman Greve, Nathan Schwarzenberg, and Moses Lowenstein to settle title to real estate.]

The complainants bring suit, and ask that their title set forth to certain real estate described in the bill of complaint be declared good, and superior to the claim of title urged by defendant Mary Greve, and that a decree be granted ordering and requiring Mary Greve and her husband, Herman Greve, to release and convey to them all the title and interest which they or either of them acquired and hold under and by virtue of a deed made to Mary Greve by Levi Greve, July 5, 1855, or by virtue of any subsequent deed from him. They also ask for an accounting. Mary Greve and her husband answer the bill of complaint, and, among other things, charge, in substance, that neither of the complainants ever had any right, title, or interest at law, or in equity, in or to any of the real property described therein.

Complainants' case is as follows: Levi Greve was the owner of the property June 26, 1855, and sold and conveyed the same on that day to Nathan Schwarzenberg by deed executed for him by his attorney, Moses H. Schwarzenberg, which deed was properly recorded in Ramsey county, Minnesota, June 27th of that year. Previous to July 5, 1855, at Milwaukee in the state of Wisconsin, where Levi Greve at that time resided, Moses H. Schwarzenberg paid him the proceeds of the sale, which he received, and expressed himself satisfied, and ratified the action of his attorney. The complainants' title to the property was derived through Moses Lowenstein, the grantee of Nathan Schwarzenberg, by deed recorded April 17, 1857, and they have conveyed to several persons, to whom they became liable upon the covenant of seizure and general warranty.

The case of defendants Mary Greve and Herman Greve is as follows: Mary Greve purchased the same property and received a deed from Levi Greve, July 5, 1855, which was duly recorded on the 14th of the same month. After the lapse of 14 years, in February, 1869, and later, she commenced actions in the state courts, to recover from Coffin and others, the grantees of the complainants, the property in controversy, and judgment was obtained in her favor, and her title thereto sustained. Coffin immediately after his eviction commenced a suit against Goldsmith's estate upon the covenants in his deed, and succeeded in the state court of final resort, and in that suit Nininger was a witness on behalf of Goldsmith's estate. The records of all the suits are introduced under stipulations made and filed in this suit, and it appears upon the face of the record in the suit of Coffin, Adm'r, vs. Goldsmith, Executrix, that the title of Mary Greve by deed from Levi Greve dated July 5, 1855, and the title of Nathan Schwarzenberg, claimed by virtue of the ratification of the sale and conveyance by Levi Greve, attorney, and upon which the complainants in this suit rely, were directly in issue, and necessarily adjudicated, and the judgment was in favor of Mary Greve's title. The only question in this suit, which when settled determines all the issues, is whether Mary Greve or Nathan Schwarzenberg had the better title by virtue of the conveyances and the ratification by Levi Greve as above stated.

Gilman, Clough & Lane, for complainants.

J. B. Brisbin and W. P. Warner, for defendants.

NELSON, District Judge. The subject in my opinion is in rem judicatam. In the suit upon the covenants of warranty, Coffin, having been evicted by Mary Greve, relied upon her title to defeat E. Sarah Goldsmith, then executrix, who urged the Schwarzenberg title, which is pressed here. Goldsmith, executrix, under the Code of Minnesota, could set up any equitable defense to defeat Coffin in that action, as she might have done in the ejectment suit against him had she been called upon to defend. Mary Greve, under her answer, can take advantage of the fact of res judicata as it appears by the record in the suit of Coffin, Adm'r, vs. Goldsmith, Executrix. John Nininger, the other complainant, being a witness in that suit, must be regarded as having notice, and an opportunity, if he desired, to become a party and contest Mary Greve's title. All the conditions then exist of res judicata,—the same subject-matter in controversy between the same parties, or privies, and a previous determination of the litigation in a court of competent jurisdiction. I have arrived at this conclusion reluctantly, for the "Schwarzenberg title," in my opinion, should have prevailed in the previous litigation. Decree will be entered dismissing the bill.